## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MARLEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TODD VONDERHEIDE, M.D., | ) | |
| RURAL FAMILY MEDICINE ASSOCIATES, | ) | |
| LTD., and GLENMARK PHARMACEUTICALS, | ) | |
| INC., USA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT GLENMARK PHARMACEUTICALS, INC., USA'S
## NOTICE OF REMOVAL

Defendant Glenmark Pharmaceuticals Inc., USA ("Removing Defendant") hereby files this Notice of Removal of the action, *James Marlen v. Todd Vonderheide, M.D. et al*, Case No. 21-L-848, from the Circuit Court, Twentieth Judicial Circuit of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and as grounds for removal, state as follows:[1]

## INTRODUCTION

1.      Thousands of product liability cases alleging injuries similar to those claimed by Plaintiff have been filed against manufacturers, distributors, and sellers of Zantac and its generic equivalent (ranitidine) relating to cancers allegedly caused by the medication.

2.      On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML")

---

[1] By removing this action to this Court, Removing Defendant does not waive any defenses, objections, or motions available under state or federal law. Removing Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on lack of personal jurisdiction, improper venue, the doctrine of *forum non conveniens*, or any other applicable grounds.

created an MDL in the Southern District of Florida ("Zantac MDL") for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of N-Nitrosodimethylamine ("NDMA") formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings…and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, over 1,700 actions have been transferred to or filed in the Zantac MDL.

3.     On June 14, 2022, Plaintiff James Marlen filed a Third Amended Complaint ("TAC") in St. Clair County, Illinois, adding the Removing Defendant to the lawsuit that was already pending against Defendants Todd Vonderheide, M.D. and Rural Family Medicine Associates, Ltd. ("Healthcare Defendants"). Removing Defendant was served with the TAC on August 2, 2022.

4.     Plaintiff alleges that he developed kidney cancer as a result of his use of the heartburn medication ranitidine (brand name Zantac). Count I of Plaintiff's TAC is a negligence claim against his physician, Todd Vonderheide, M.D., for (1) "[n]egligently and carelessly fail[ing] to inform" him that ranitidine contained NDMA and that it "could potentially cause kidney cancer and other malignancies;" and (2) "[n]egligently and carelessly fail[ing] to inform" him to discontinue ranitidine when the FDA issued a recall of that medication. (TAC, Count I ¶¶ 6(a)-(b)). Count II of the TAC also alleges a medical negligence claim against Rural Family Medicine Associates, Ltd., the employer of Dr. Vonderheide, on the same grounds. (TAC, Count II).

5.     In contrast, Count III of the TAC is a products liability claim asserted against the Removing Defendant on the basis that "at the time of design, manufacture and sale of the drug

Ranitidine it was in a defective, unreasonably dangerous condition." (TAC, Count III ¶ 6). These defect claims concerning Removing Defendant's design, manufacture and sale of ranitidine are separate from the medical negligence claims, which focus on the conduct and care exercised by Plaintiff's treating physician.  A copy of the TAC is attached as **Exhibit A**.

6.      As set forth below, removal is proper because (i) there is complete diversity between Plaintiff and Removing Defendant; (ii) the citizenship of the Healthcare Defendants may be ignored and this Court may retain jurisdiction over the claims against Removing Defendant by severing the claims under Federal Rule of Civil Procedure 21; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.  In the alternative, the claims may be removed because the claims and defendants have been improperly misjoined.

7.      Removing Defendant intends to transfer this action to the Zantac MDL and will soon provide the JPML with notice of this action under the "tag-along" procedure required by the JPML rules.  In addition, Removing Defendant will seek a stay of these proceedings in the interests of judicial efficiency and consistency.  In cases similar to the instant lawsuit, other federal district courts across the country have stayed the proceedings to allow the JPML to resolve any objections to the transfer of this action to the Zantac MDL.  *See David Adelman, et al. v. Boehringer Ingehlheim Pharmaceuticals, Inc., et al.*, Case No.: 22-cv-3179 (E.D.P.A. August 18, 2022).  Such a stay will also allow the Hon. Robin L. Rosenberg, the United States District Judge presiding over the Zantac MDL, to rule on any motion to remand filed by Plaintiff, which further permits consistent rulings and fosters other judicial economies.

## JURISDICTION

8.      The Removing Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9.      As further detailed below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between the Plaintiff and Removing Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been and/or will be satisfied.

## BASIS FOR REMOVAL

### I.   COMPLETE DIVERSITY EXISTS BETWEEN REMOVING DEFENDANT AND PLAINTIFF

10.     Plaintiff is a citizen and resident of Illinois.  (*See* TAC, Count I at ¶ 4).

11.     In contrast, Removing Defendant is a citizen of Delaware and New Jersey, because it is a Delaware corporation with a principal place of business in Mahwah, New Jersey. *See* 28 U.S.C. § 1332(c)(1) (A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")

12.     Because Plaintiff is a citizen of Illinois and Removing Defendant is a citizen of states other than Illinois, complete diversity exists between Plaintiff and Removing Defendant. *See* 28 U.S.C. §§ 1332, 1441.

13.     The Healthcare Defendants, Dr. Vonderheide and Rural Family Medicine Associates, Ltd., are alleged to be citizens of Illinois (*See* TAC, Count I at ¶¶ 1-2, 4).  The Healthcare Defendants are thereby non-diverse parties in this action.  However, as set forth below, the citizenship of the Healthcare Defendants should not be considered when determining this Court's diversity jurisdiction.

II.   **PLAINTIFF'S CLAIM AGAINST REMOVING DEFENDANT SHOULD BE SEVERED FROM THE CLAIMS ASSERTED AGAINST THE HEALTHCARE DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21**

14.   This Court may sever Plaintiff's claims against the Healthcare Defendants and remand solely those claims to the state court under Federal Rule of Civil Procedure 21.

15.   Rule 21 provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21. The United States Supreme Court has recognized that a district court may use Rule 21 to drop non-diverse, dispensable parties from a case. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).

16.   Rule 21 permits a district court to retain diversity jurisdiction over a case by dropping a non-diverse party, as long as that party is not indispensable under Federal Rule of Civil Procedure 19. *See Safeco Ins. Co. v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir. 1994). To determine whether the claims of the non-diverse Healthcare Defendants may be severed, the Court must evaluate whether the Healthcare Defendants are necessary and indispensable parties under Federal Rule of Civil Procedure 19. *Id.*

17.   A party is a necessary party under Rule 19 only if "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco,* 36 F.3d at 546; Fed.R.Civ.P. 19(a)(1) & (2)(i)-(ii).

18.   As set forth in Removing Defendant's Motion to Sever filed contemporaneously herewith, the Healthcare Defendants are not necessary parties because the resolution of the claims against them would not necessarily resolve Plaintiff's claims against the Removing Defendant.

*See Temple v. Synthes Corp.,* 498 U.S. 5, 7 (1990) (finding doctor who performed implant surgery was not a necessary party to a products liability action against the medical device manufacturer).

19.     In fact, the Seventh Circuit has found healthcare defendants to be dispensable parties in similar litigation.  *See Todd by Todd v. Merrell Dow Pharms., Inc.*, 942 F.2d 1173, 1176 (7th Cir. 1991), *amended* (Oct. 18, 1991) (finding the physician who ordered the injection of a drug dispensable in a products liability case against the drug manufacturer).  This is because it has "long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* (quoting *Temple*, 498 U.S. at 7).

20.     Plaintiff's claims against the Healthcare Defendants present different factual and legal issues from his products liability claims against Removing Defendant.  The claims against the Healthcare Defendants involve separate and individualized issues relating to the conduct and care exercised by the physician who treated Plaintiff's medical issues.  In contrast, Plaintiff's products liability claims against Removing Defendant focus on the design and manufacture of the product itself, alleging that "at the time of design, manufacture and sale of the drug Ranitidine it was in a defective, unreasonably dangerous condition." (TAC, Count III ¶ 6). Because the claims against the Healthcare Defendants and Removing Defendants are factually and legally distinct, there is no significant risk of inconsistent verdicts and complete relief may be afforded to each party in the other's absence.

21.     Severance would not impact the Plaintiff's ability to obtain complete relief because Plaintiff will be able to maintain the action against the Healthcare Defendants in state court.  *See Joseph v. Baxter International Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009); *see also Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. May 28, 2015).

22.     Moreover, any theoretical cost and efficiency benefits to having joined defendants "simply do not carry the same weight when balanced against the defendant's right to removal." *Asher*, 2005 WL 1593941, *5; *In re Guidant Corp.*, 2007 WL 2572048, *3 (defendants' statutory right of removal prevails over that of permitting a plaintiff's choice of forum), citing *Greene*, 344 F.Supp.2d at 685

23.     Because Rule 21 applies to properly joined parties, a finding that the Healthcare Defendants are dispensable is sufficient grounds to sever the claims against them (without resolving the issue of whether they are fraudulently misjoined). *See Joseph*, 614 F.Supp.2d at 874; *Safeco*, 36 F.3d at 546; *Newman-Green, Inc.*, 490 U.S. at 832; *Mayfield v. London Women's Care, PLLC*, No. CIV.A. 15-19-DLB, 2015 WL 3440492, at *4-5 (E.D. Ky. May 28, 2015) (finding that claims brought against healthcare defendants in products liability case should be severed because not only were the medical malpractice claims "comprised of unique legal elements," but they were "based on completely different factual allegations.").

24.     "Severance is particularly appropriate in this case because it would allow for the transfer of [Plaintiff]'s claims against [Defendant] to Multi–District Litigation (MDL) currently pending." *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015); *see also Schulke v. Orthopaedics*, No. 16 C 2563, 2016 WL 3059114, at *4 (N.D. Ill. May 31, 2016) (noting that severance and remand of the claims against the physician from the product liability claims against the medical device manufacturer would have been appropriate if an MDL existed for the product liability claims).

25.     Accordingly, the claims against the HealthCare Defendants should be severed and remanded to state court, pursuant to Rule 21, thereby permitting this Court to retain jurisdiction over the remaining claims against Removing Defendant until such time as the case is

transferred to the MDL.

### III.   IN THE ALTERNATIVE, REMOVAL IS PROPER BECAUSE THE CLAIMS AGAINST THE HEALTHCARE DEFENDANTS WERE MISJOINED

26.     In the alternative, the claims against the Healthcare Defendants are fraudulently misjoined under Federal Rule of Civil Procedure 20.  A party is misjoined if it is not a proper party under Rule 20(a).  *See Ramos v. Playtex Prods. Inc.*, No 08 C 2701, 2008 WL 4066250, *2 (N.D. Ill. Aug. 27 2008); *Schwartz v. Graebel Van Lines, Inc.*, No 05 C 4682, 2006 WL 1343533, *1 (N.D. Ill. May 15, 2006) ("[b]ecause Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Federal Rule of Civil Procedure 20(a).").

27.     Federal Rule of Civil Procedure 20 permits joinder of defendants only when (1) the plaintiff asserts any "right to relief…against them…arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (2) any question of law or fact common to all defendants will arise out of the action."  Fed. R. Civ. P. 20(a)(2) (emphasis added).

28.     Where, the prongs of Rule 20(a) are not satisfied, the claims may be severed in order to preserve diversity jurisdiction.  *See e.g., Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (observing that in the case of misjoinder the court may sever the claims rather than dismiss the claims); *Sutton v. Davol, Inc.,* 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing the improperly joined medical negligence claims against the nondiverse defendants "so as to preserve the removing defendants' right to removal"); *Green v. Wyeth,* 344 F.Supp.2d 674, 684 (D. Nev. 2004); 28 U.S.C. § 1441(b) (prohibiting the removal by certain "properly joined …defendants," suggesting that the removal statute presumes properly joined defendants); *In re Rezulin Prod. Liab. Litig.,* MDL 1348, 2003 WL 21276425, *1-2 (S.D.N.Y. June 2, 2003) (finding claims against non-diverse physician improperly misjoined with claims against drug manufacturer).

29.     As discussed above, the medical negligence claims against the Healthcare Defendants do not arise out of the same series of transactions or occurrences as the strict products liability claim against Removing Defendant. The claims against the Healthcare Defendants sound in medical negligence and what did or did not occur during the care and treatment of Plaintiff. The claims against Removing Defendant relate to the alleged defective design, manufacture, and sale of its ranitidine product.

30.     The medical negligence claims and the product liability claims are legally and factually distinct.  The resolution of the claim against Removing Defendant will necessarily focus on the ranitidine product and the manufacturing of the product, whereas the claims against the Healthcare Defendants will focus on the conduct and care of Plaintiff's treating physician. *See e.g., Sullivan v. Calvert Memorial Hospital*, No. PJM 15-1188, 2014 WL 4614467 (D. Md. July 20, 2105); *Mayfield v. London Women's Care*, PLLC, No. 15-19-DLB, 2015 WL 2440492, *5 (E.D. Ky. May 28, 2015); *Cooke-Bates v. Bayer Corp.,* No. 3:10-cv-261, 2010 WK 3984830 (E.D. Va., Aug. 2, 2010); *Joseph v. Baxter Int'l Inc.,* 614 F. Supp. 2d 868 (N.D. Ohio 2009); *DeGidio v. Centocor Inc.*, No. 3:09-cv-721, 2009 WL 1867676 (N.D. Ohio June 29, 2009) as amended (July 8, 2009).

## IV.   THE AMOUNT-IN-CONTROVERSY AND PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED

31.     Plaintiff's claims satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a).  Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs. (TAC, Count III.)

32.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(c) because Removing Defendant was served with a summons and the TAC on August 2, 2022 and the

underlying action was filed on August 27, 2021.

33.     The Southern District of Illinois is the federal judicial district encompassing the Illinois Circuit Court for St. Clair County, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. §§ 84(a) and 1441(a).

34.     Because the Healthcare Defendants were improperly joined in this action, their consent to removal is therefore not required. *See* 28 U.S.C. § 1446(b)(2); *Cordle v. Merck & Co., Inc.*, 405 F.Supp.2d 800, 802 n.3 (E.D. Ky. 2005).

35.     Removing Defendant will promptly provide Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

36.     Pursuant to 28 U.S.C. § 1446(d), the Removing Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the Illinois Circuit Court for St. Clair County.

37.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to the Removing Defendant at the time of filing this Notice—are attached hereto as **Exhibit B**.

38.     Should there be any challenge to this removal, the Removing Defendant respectfully requests the opportunity to present briefing and be heard at oral argument in support of removal.

39.     No previous application has been made for the relief requested herein.

********

## **CONCLUSION**

WHEREFORE, Removing Defendant gives notice that the matter bearing Case No. 21-L-848, pending in the Circuit Court, Twentieth Judicial Circuit of St. Clair County, Illinois, is removed to the United States District Court for the Southern District of Illinois, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated: August 26, 2022

Respectfully submitted,

By: /s/          *John P. Cunningham*
    John P. Cunningham, #6193598
    **BROWN & JAMES, P.C.**
    Richland Plaza 1
    525 West Main Street
    Suite 200
    Belleville, IL 62220-1547
    Phone: 618.355.5102
    Fax: 618.235.5591
    jcunningham@bjpc.com

    **HOLLAND & KNIGHT LLP**
    Thomas J. Yoo
    400 South Hope Street
    8th Floor
    Los Angeles, CA 90071
    Phone: 213.896.2400
    Fax: 213.896.2450
    Thomas.Yoo@hklaw.com

    Amy McVeigh
    2929 Arch St #800
    Philadelphia, PA 19104
    Phone: 215.252.9600
    Fax: 215.867.6070
    Amy.McVeigh@hklaw.com

Daniel K. Winters
31 W. 52nd Street
12th Floor
New York, NY 10019
Phone: 212.513.3200
Fax: 212.385.9010
Daniel.Winters@hklaw.com

***Attorneys for Defendant***
***Glenmark Pharmaceuticals Inc., USA***